KELLY, Judge:
 

 In this appeal we must determine whether the trial court properly granted summary judgment in favor of appellee insurance company, Aetna [Casualty and Surety Company], pursuant to its declaratory judgment action against appellant-insureds, identified as “Jane Roe and John Roe”.
 
 [1]
 
 Specifically, we must decide whether Aetna had a duty to defend the appellants in civil actions brought by third parties asserting claims of sexual, physical, and mental abuse, plus requests for compensatory and punitive damages under appellants’ comprehensive homeowner’s insurance policy, in view of that policy’s provision excluding coverage for bodily injury or property damage which is expected or intended by the insured. For the following reasons, we hold that the trial court properly granted summary judgment in favor of Aetna. Accordingly, we affirm.
 

 The relevant facts and procedural history are as follows. The underlying actions against appellants, instituted by parents on behalf of themselves and their three minor children, alleged sexual, physical, and mental abuse by appellants, a teacher at Breezy Point Day School, and her husband, as well as another individual identified as “Pamela Poe,” also a teach
 
 *417
 
 er at Breezy Point Day School.
 
 [2]
 
 The owners and operators of Breezy Point Day School are identified in this action as “James Doe and Jane Doe”.
 

 The first complaint against appellants was filed on December 13, 1989, and amended with appellants’ consent on January 25, 1990. The second complaint was filed on December 18,1989, and amended with appellants’ consent on January 25, 1990. The third complaint was filed on December 19, 1989. The three complaints are essentially the same. In each complaint, plaintiffs are identified as parents and guardians of a minor child; defendants are identified, among others, as appellants herein. The minor plaintiffs were four-year old female students at Breezy Point Day School for an indicated period of time; and appellant-defendant, Jane Roe, was the minors’ teacher. The complaints aver that appellants sexually, physically, and mentally abused the minors during the course of the minors’ attendance at the school, on “diverse occasions,” and subjected the minors to demonic rituals in an effort to frighten them so they would not reveal what had happened to them. With the proviso
 
 “inter alia,”
 
 the three complaints allege specific acts of sexual, physical and mental abuse, including averments that the children were: forced to endure digital penetration of the vagina; forced to view and touch appellant-defendant Jane Roe’s breasts and pubic area; forced to consume drugs of unknown origin; forced to participate in rituals involving the slaughter of animals; forced to eat human feces and drink urine; forced to remain in a locked cage; forced to remain in a locked room; forced to take part in irresponsible and life threatening activities such as setting fires; forced into a bed with other children who were partially
 
 *418
 
 clothed; forced to play games during which children took off various items of clothing; forced to engage in sexual acts with other children; forced away from school grounds to engage in sexual acts in a hotel. Plaintiffs accused appellants of threatening the minors, by use of a knife, that if they told their parents what was happening, the minors would suffer various consequences and anything the children said would be heard by their teacher regardless of where the minors happened to be. Plaintiffs averred physical beatings occurred on “diverse occasions.” Each complaint made additional averments as follows:
 

 As the result of defendants’ conduct, as set forth above, minor-plaintiff[s] [have] suffered severe mental and physical injury.
 

 As a result of the defendants’ conduct, as set forth above, plaintiffs have been obliged to expend various and divers sums of money for treatment of the injuries sustained by minor-plaintiff[s], and will be obliged to continue to expend such sums for an indefinite time.
 

 The conduct of the defendants as set forth above was outrageous and in wanton and reckless disregard of the rights of minor-plaintiff[s] for which plaintiffs claim an. additional sum for punitive damages.
 

 The events underlying the complaints allegedly occurred in 1988 and 1989 at various locations, including the Breezy Point Day School and appellants’ home. Therefore, appellants requested that Aetna provide a defense and coverage under their homeowners insurance policy which was in effect during the relevant time period. The pertinent portions of the general liability policy provide:
 

 Section II — Exclusions
 

 1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
 

 a. which is expected or intended by the insured;
 

 
 *419
 
 f. personal injury
 

 sfc * * * * #
 

 (2) which is caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of any insured.
 

 On August 14, 1990, Aetna filed a declaratory judgment action seeking a determination of the extent of Aetna’s duty to defend or indemnify appellants in the three underlying actions pending in the Bucks County Court of Common Pleas. Pursuant to the Declaratory Judgments Act, 42 Pa.C.S.A. § 7540, Aetna joined all of the parties to the underlying actions as parties-defendant to its declaratory judgment action.
 

 On April 19, 1991, Aetna filed a motion for summary judgment which the trial court denied by order entered on May 30, 1991. All three underlying actions eventually terminated in Bucks County. One party dropped the case against appellants and paid appellants an undisclosed sum of money to settle appellants’ counterclaims. Appellants were awarded summary judgment on the other two cases.
 
 [3]
 
 Aetna renewed its motion for summary judgment on December 17, 1993. The Honorable Isaac S. Garb granted Aetna’s motion for summary judgment and entered the declaratory judgment on March 11, 1994. This timely appeal followed.
 

 Appellants raise the following issue for our review:
 

 IS AN INSURER OBLIGATED TO DEFEND INSUREDS SUED FOR COMMITTING TORTIOUS ACTS IN THEIR HOME WHERE THE COMPLAINTS UNDERLYING THE LAWSUITS REQUEST PUNITIVE DAMAGES BUT DO NOT EXCLUDE LIABILITY OF THE INSUREDS BEING PREMISED UPON CONDUCT THAT IS NOT CRIMINAL NOR UPON INJURIES WHICH THE INSUREDS DID NOT INTEND?
 

 Appellants’ Brief at 4.
 

 The well-settled scope of appellate review for a grant of summary judgment states that summary judgment is properly
 
 *420
 
 granted where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b);
 
 Stidham v. Millvale Sportsmen’s Club,
 
 421 Pa.Super. 548, 558, 618 A.2d 945, 950 (1992),
 
 appeal denied,
 
 536 Pa. 630, 637 A.2d 290 (1993);
 
 Harford Mutual Insurance Co. v. Moorhead,
 
 396 Pa.Super. 234, 237, 578 A.2d 492, 494 (1990),
 
 appeal denied,
 
 527 Pa. 617, 590 A.2d 757 (1991). The trial court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party.
 
 Stidham v. Millvale Sportsmen’s Club, supra.
 
 The moving party’s evidence must clearly exclude any genuine issue of material fact.
 
 Id.
 
 We will reverse the trial court’s grant of summary judgment only if there has been an error of law or a clear abuse of discretion.
 
 Britamco Underwriters, Inc. v. Weiner,
 
 431 Pa.Super. 276, 279, 636 A.2d 649, 651 (1994);
 
 McCain v. Pennbank,
 
 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988) (citations omitted).
 

 The issue in this case involves the proper construction of an insurance policy which is resolved as a matter of law in a declaratory judgment action. 42 Pa.C.S.A. § 7533;
 
 Fisher v. Harleysville Insurance Co.,
 
 423 Pa.Super. 362, 621 A.2d 158 (1993),
 
 appeal denied,
 
 536 Pa. 624, 637 A.2d 285 (1993);
 
 Heffernan & Co. v. Hartford Insurance Co.,
 
 418 Pa.Super. 326, 614 A.2d 295 (1992);
 
 Harleysville Mutual Insurance Co. v. Madison,
 
 415 Pa.Super. 361, 609 A.2d 564 (1992);
 
 Germantown Insurance Co. v. Martin,
 
 407 Pa.Super. 326, 595 A.2d 1172 (1991),
 
 appeal denied,
 
 531 Pa. 646, 612 A.2d 985 (1992);
 
 Harford Mutual Insurance Co. v. Moorhead, supra.
 
 Applying these standards, we turn to appellants’ assertions.
 

 Appellants maintain that the trial court erred in granting summary judgment in favor of Aetna because Aetna had a duty to defend appellants against those portions of the complaints which might be covered by appellants’ homeowner’s insurance policy. The trial court erred, appellants assert, in finding that the exclusionary provision of the policy excluded “intentional conduct” rather than “intentional injury.” In
 
 *421
 
 addition, appellants contend, the allegations in the underlying complaints did not claim criminal conduct as the sole basis for appellants’ liability and prayers for punitive damages did not necessarily relieve Aetna of its obligation to defend against claims for compensatory damages.
 

 Relying on
 
 Stidham v. Millvale Sportsmen’s Club, supra,
 
 appellants propose that Aetna assumed the role of spectator throughout the resolution
 
 of
 
 the pleadings and ensuing pretrial proceedings which resulted in favor of appellants. Aetna was bound, appellants submit, to remain in the action until any ambiguity which arose from the use of the proviso
 
 “inter alia ”
 
 in the complaints was resolved. Moreover, appellants reason, Aetna’s duty to defend arose, as well, from the failure of the underlying complaints to specify what, if any, injury appellants actually caused. Appellants conclude that Aetna had a continued duty to defend because the underlying actions were decided in appellants’ favor. Aetna’s continued duty to provide for their defense, appellants urge, exposes Aetna to all defense costs which appellants incurred as a result of appellants having to seek private counsel. We disagree.
 

 An insurer’s duty to defend is a distinct obligation, different from and broader than its duty to indemnify.
 
 Britamco Underwriters v. Weiner, supra,
 
 431 Pa.Super. at 280, 636 A.2d at 651 (citations omitted);
 
 D’Auria v. Zurich Insurance Co.,
 
 352 Pa.Super. 231, 233, 507 A.2d 857, 859 (1986) (citations omitted). An insured has purchased not only the insurer’s duty to indemnify successful claims which fall within the policy’s coverage, but also protection against those groundless, false, or fraudulent claims regardless of the insurer’s ultimate liability to pay.
 
 D’Auria v. Zurich Insurance Co., supra
 
 at 234, 507 A.2d at 859 (citing
 
 Zeitz v. Zurich General Accident & Liability Insurance Co.,
 
 165 Pa.Super. 295, 67 A.2d 742 (1949)). Not all claims asserted against an insured, however, activate the insurer’s duty to defend.
 
 Id.
 

 
 *422
 
 The insurer’s obligation to defend is fixed solely by the allegations in the underlying complaints.
 
 [4]
 

 Stidham v. Millvale Sportsmen’s Club, supra,
 
 421 Pa.Super. at 564, 618 A.2d at 953;
 
 Germantown Insurance Co. v. Martin, supra,
 
 407 Pa.Super. at 331, 595 A.2d at 1174;
 
 Harford Mutual Insurance Co. v. Moorhead, supra,
 
 396 Pa.Super. at 238-39, 578 A.2d at 494-95;
 
 United Services Auto Assoc. v. Elitzky,
 
 358 Pa.Super. 362, 368, 517 A.2d 982, 985 (1986),
 
 appeal denied,
 
 515 Pa. 600, 528 A.2d 957 (1987). “It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend.”
 
 D’Auria v. Zurich Insurance Co., supra,
 
 352 Pa.Super. at 234, 507 A.2d at 859 (quoting
 
 Springfield Township, et al. v. Indemnity Insurance Co. of North America,
 
 361 Pa. 461, 64 A.2d 761 (1949)). The duty to defend is limited to only those claims
 
 covered by the policy. Id.
 
 at 235, 507 A.2d at 859 (citations omitted). The insurer is obligated to defend if the factual allegations of the complaint on its face comprehend an injury which is actually or
 
 potentially
 
 within the scope of the policy.
 
 American States Insurance Co. v. Maryland Casualty Co.,
 
 427 Pa.Super. 170, 183, 628 A.2d 880, 887 (1993) (citing,
 
 inter alia, Cadwallader v. New Amsterdam Casualty Co.,
 
 396 Pa. 582, 152 A.2d 484 (1959);
 
 Wilson v. Maryland Casualty Co.,
 
 377 Pa. 588, 105 A.2d 304 (1954));
 
 Stidham v. Millvale Sportsmen’s Club, supra,
 
 421 Pa.Super. at 564, 618 A.2d at 953.
 

 Thus, the insurer owes a duty to defend if the complaint against the insured alleges facts which would bring the claim within the policy’s coverage if they were true. It does not matter if in reality the facts are completely groundless, false, or fraudulent. It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend.
 

 D’Auria v. Zurich Insurance Co., supra,
 
 352 Pa.Super. at 235, 507 A.2d at 859.
 

 
 *423
 
 Where a claim is potentially within the scope of an insurance policy, the insurer who refuses to defend at the outset does so at its own peril.
 
 Stidham v. Millvale Sportsmen’s Club, supra
 
 (citing
 
 Cadwallader v. New Amsterdam Casualty Co., supra.).
 
 In
 
 Stidham,
 
 we stated that [a] declaratory judgment action, though not specifically required by law, might resolve at the outset the question of an insurer’s duty to defend.
 
 Id.
 
 at 565, 618 A.2d at 954. The purpose of a declaratory judgment procedure is to furnish an expeditious remedy for the settlement of claims which indicate imminent and inevitable litigation and to provide practical help in settling controversies which could be determined more advantageously if settled promptly rather than at some future time when they would require adjudication.
 
 Eureka Casualty Co. v. Henderson,
 
 371 Pa. 587, 592, 92 A.2d 551, 553 (1952) (citing the predecessor to 42 Pa.C.S.A. §§ 7531-7541).
 
 See also Geisinger Clinic v. Di Cuccio,
 
 414 Pa.Super. 85, 104, 606 A.2d 509, 519 (1992),
 
 appeal denied,
 
 536 Pa. 625, 637 A.2d 285 (1993) (purpose of awarding declaratory relief is to settle finally and make certain the legal status or rights of the parties);
 
 Doe v. Johns-Manville Corp.,
 
 324 Pa.Super. 469, 473, 471 A.2d 1252, 1254 (1984) (declaratory judgments are judicial searchlights switched on at the behest of a litigant to illuminate an existing legal right, status or other relation). In addition, a declaratory judgment action provides a forum for all persons asserting claims on the issue of coverage between the insured and the insurer.
 
 Stidham v. Millvale Sportsmen’s Club, supra;
 
 42 Pa.C.S.A. § 7540.
 

 Appellants’ proposition, that Aetna’s duty to defend them in the underlying proceedings was established by the favorable outcome of those proceedings, is without merit for the following reasons. First, in an action for declaratory judgment, Aetna’s duty to defend is determined solely by the nature of the claim on the face of the underlying complaints. Therefore, the course and outcome of the underlying litigation is irrelevant in this context. Second, contrary to appellants’ assertion, Aetna did not choose the role of spectator in the instant case. Rather, Aetna sought a judicial determination of
 
 *424
 
 its duty to defend.
 
 [5]
 
 Third, in
 
 Stidham v. Millvale Sportsmen’s Club, supra,
 
 upon which appellants rely for this proposition, the insurer refused to defend and.later argued intentional injury based upon the insured’s guilty plea to third degree murder. Plus, in
 
 Stidham, supra,
 
 the insurer did not pursue a declaratory judgment action; it simply refused to defend.
 
 [6]
 
 Accordingly, appellants’ proposition fails.
 

 In order to determine whether Aetna had a duty to defend appellants, therefore, we must compare the terms of the homeowner’s policy with the nature of the allegations of the underlying complaints against appellants. We must then determine whether, if the allegations were true, Aetna might be obligated to provide coverage.
 
 See Britamco Underwriters, Inc. v. Weiner, supra,
 
 431 Pa.Super. at 280, 636 A.2d at 651.
 

 Appellants purchased Aetna’s general liability homeowner’s policy which provides limited payment for damages due to bodily injury or property damage covered under the policy, as well as a defense at Aetna’s expense. This broad declaration of coverage is limited, however, by an exclusionary provision which states, in relevant part, that the policy does not apply to personal liability and medical payments to others for bodily injury or property damage “which is expected or intended by the insured.” This Court has construed insurance policy provisions excluding coverage for “expected or intended injuries” in other disputes and, after a thorough exegesis of the “expected or intended harm” clause, this Court has held that these clauses are ambiguous as a matter of law and must be construed against the insurer.
 
 Stidham v. Millvale Sportsmen’s Club, supra,
 
 421 Pa.Super. at 563, 618 A.2d at 953
 
 *425
 
 (citing
 
 United Services Auto Assoc. v. Elitzky, supra,
 
 358 Pa.Super. at 375, 517 A.2d at 989).
 
 See also Germantown Insurance Co. v. Martin, supra,
 
 407 Pa.Super. at 332, 595 A.2d at 1172;
 
 Donegal Mutual Insurance Co. v. Ferrara,
 
 380 Pa.Super. 588, 594, 552 A.2d 699, 702 (1989). In addition, this Court has held that the words “expected” and “intended” are synonymous when interpreting insurance exclusionary clauses.
 
 Stidham v. Millvale Sportsmen’s Club, supra.
 
 “[A]n insured intends as injury if [he/she] desired to cause the consequences of [his/her] act or if [he/she] acted knowing that such consequences were substantially certain to result.”
 
 Id.
 

 Appellants proffer that Aetna had a duty to defend against the portions of the underlying complaints which fell within the policy. Appellants point to a paragraph in each complaint that purportedly alleges negligence and reckless conduct. After careful review of the record, we note that the paragraph in the underlying complaints alleging outrageous conduct in wanton and reckless disregard of minor-plaintiffs’ rights seeks punitive damages. As punitive damage allegations, these too are excluded from coverage as a matter of law. In
 
 Creed v. Allstate Insurance Co.,
 
 365 Pa.Super. 136, 529 A.2d 10 (1987),
 
 appeal denied,
 
 517 Pa. 616, 538 A.2d 499 (1988), this Court explained, “an insurer owes no duty to indemnify an insured on an award of punitive damages. There is no functional distinction or difference between punitive damages which arise from intentional conduct or reckless conduct. It is the conduct that is being punished, not the victim that is being compensated.”
 
 Id.
 
 at 141-42, 529 A.2d at 12 (citations omitted).
 
 See also Pennbank v. St. Paul Fire and Marine Insurance Co.,
 
 669 F.Supp. 122, 125 (W.D.Pa.1987) (“public policy does not permit a tortfeasor who is
 
 personally
 
 guilty of wanton misconduct to shift the burden of punitive damages to his insurer” (quoting
 
 Esmond v. Liscio,
 
 209 Pa.Super. 200, 224 A.2d 793 (1966)). Because Aetna owes a duty to defend against only those allegations that it would have to cover under the policy, and punitive damages are not recoverable under the policy as a matter of law, Aetna has no duty to defend against punitive damage allegations.
 

 
 *426
 
 The prayers for punitive damages, appellants then assert, did not relieve Aetna of its obligation to provide a defense against the portions of the complaint requesting compensatory damages. We refuse to follow appellants’ rationale. Instead, we look first at the injuries, then the damages. The request for compensatory damages in the underlying complaints is based on such bodily injuries that are excluded from coverage as expected or intended by the insured.
 

 Appellants also maintain that insurers are obligated to defend insureds even when the underlying complaints allege solely intentional conduct. We cannot agree. In support of this contention, appellants present three Pennsylvania cases (in order of their appearance in their brief):
 
 United Services Auto Assoc. v. Elitzky, supra; Britamco Underwriters, Inc. v. Weiner, supra;
 
 and
 
 Bracciale v. Nationwide Mutual First Insurance Co.
 
 (E.D.Pa. No. 92-7190, 1993 WL 323594 Unpublished Memorandum, August 20, 1993). After careful study, we conclude that these cases are readily distinguishable from the instant case.
 

 First, appellants insist,
 
 United Services Auto Assoc. v. Elitzky, supra,
 
 is controlling on the issue of whether Aetna has a duty to provide a defense. Appellants proffer that “in
 
 Elitzky
 
 the insurer was obligated to provide a defense to the insureds, even though the complaints charged them with defamation, because the emotional distress alleged by the complaint may not have been intended by the volitionally made statements. 358 Pa.Super. at 377, 517 A.2d at 992.” Appellants’ Brief at 13. While this contention is true, it is only part of the inquiry. The underlying complaint in
 
 Elitzky
 
 clearly alleged that the Elitzkys’ failure to determine the accuracy of their letters was in utter and
 
 reckless disregard
 
 of its truth or falsity.
 
 Id.
 
 at 366, 517 A.2d at 984. The
 
 Elitzky
 
 Court reasoned, therefore, that the underlying plaintiff could have recovered on a defamation claim even if the Elitzkys thought their statements were true, if that belief was in
 
 reckless
 
 disregard to the truth.
 
 [7]
 

 Id.
 
 at 375, 517 A.2d at 989.
 
 *427
 
 Thus, the Court concluded, the insurer had a duty to defend because the underlying plaintiffs complaint stated a cause of action which may have been covered by the Elitzkys’ insurance policy.
 

 Similarly, the underlying complaint in
 
 Britamco Underwriters, Inc. v. Weiner, supra,
 
 contained specific allegations of negligence in addition to allegations of intentional harm.
 
 Id.
 
 at 278, 686 A.2d at 650.
 
 [8]
 
 In the instant case, the underlying plaintiffs made no allegations of negligent or reckless behavior on the part of appellants. Therefore, these cases do not support appellants’ claim because the instant underlying complaints sound solely in the intentional torts of assault and battery.
 

 In
 
 Cadwallader v. New Amsterdam Casualty Co.,
 
 396 Pa. 582, 152 A.2d 484 (1959), the Pennsylvania Supreme Court explained the case of
 
 Wilson v. Maryland Casualty Co.,
 
 377 Pa. 588, 105 A.2d 304 (1954) which is analogous in its application of the law. Referring to
 
 Wilson, supra,
 
 the Supreme Court stated:
 

 [i]n that case this Court held that the insurance company was justified in not defending an action brought against the insured taproom owner by a patron for personal injuries because ... the patron had unequivocally alleged assault and battery ... in the original complaint, an offense clearly excluded under the terms of the policy. The majority held that the complaint ... revealed that the cause of action was based upon facts which did not come within the scope of the
 
 *428
 
 policy. We said that under no theory of law could the insured prevail against the insurance company because it would not be possible for the injured patron to recover on a claim of negligence when the suit was founded on the theory of intentional tort. Just as the pleading in that case fixed the insurer’s right, since neither amendment nor variance in proof could possibly establish a cause of action which would be cognizable under the insurance contract, so does [underlying plaintiffs] pleading fix the insured’s right in this case. In the Wilson case, supra, the complaint of the injured party alleged
 
 only
 
 an injury which clearly was not within the coverage of the insurance policy.
 

 Cadwallader v. New Amsterdam Casualty Co., supra,
 
 396 Pa. at 590-91, 152 A.2d at 488-89. Thus, Aetna is not obligated to defend appellants because the underlying complaints alleged the intentional harms of assault and battery.
 

 Recently, the Third Circuit Court of Appeals stated that in certain cases a court can infer an actor’s intent as a matter of law from the nature and character of his or her acts.
 
 Wiley v. State Farm Fire and Casualty Co.,
 
 995 F.2d 457 (3rd Cir.1993).
 
 [9]
 
 In its thorough review of current Pennsylvania
 
 *429
 
 law on the question of intent as well as a survey of the analyses applied in other jurisdictions in child abuse cases, the Court in
 
 Wiley
 
 noted that the inferred intent to harm is an irrebuttable presumption.
 
 Id.
 
 at 460 (citation omitted). The criminalization of child abuse additionally serves to place the insured on notice of the societal understanding that the harm from such conduct is inseparable from its performance.
 
 Id.
 
 at 464 (quotation omitted). The court concluded that “harm to children in sexual molestation cases is inherent in the very act of sexual assault committed on a child, regardless of the motivation for or nature of such assault, and that the resulting injuries are, as a matter of law, intentional.... ”
 
 Id.
 
 We agree. Thus, we adopt the inferred intent rule, as utilized by the Third Circuit Court in
 
 Wiley v. State Farm Fire and Casualty Co., supra,
 
 for liability insurance cases involving the sexual abuse of a child by an insured adult.
 
 [10]
 

 Appellants complain that nothing from the records of these cases allows the conclusion that the underlying plaintiffs had no intention of going beyond the generically described acts to exclude negligent or reckless conduct. Aetna should have chosen to defend, appellants posit, reserving the right to withdraw its representation and refuse indemnification once it became clear that coverage was not required. Citing
 
 Connor v. Allegheny General Hospital,
 
 501 Pa. 306, 311 n. 3, 461 A.2d 600, 602 n. 3 (1983), appellants argue that Aetna then could have filed preliminary objections to the more open-ended allegations in an attempt to force the plaintiffs to comprehensively detail the allegations of wrongdoing and to catalogue the plaintiffs’ injuries. If, however, as appellants contend, the underlying complaints were open-ended, they too could have filed a preliminary objection in the nature of a request for a more specific pleading or they could have moved to strike any ambiguous portions of the underlying plaintiffs’ complaint.
 
 *430
 

 See Connor v. Allegheny General Hospital, supra.
 
 A careful review of the record reveals that appellants consented to the amendment of two of the complaints in the underlying actions. Appellants’ need for a “facially all-inclusive catalogue” .that “purports to be. a comprehensive list of the tortious acts alleged” and “injuries set forth comprehensively and in particularity” is misguided in this context. In an action for declaratory judgment, the court’s role is to look at which is
 
 included
 
 in the underlying complaint, not at what is excluded.
 

 Furthermore, while it is true that amendments to pleadings are liberally allowed in Pennsylvania, an amendment may not introduce a new cause of action after the statute of limitations has run because to do so would unfairly prejudice the opposing party.
 
 Connor v. Allegheny General Hospital, supra,
 
 501 Pa. at 310, 461 A.2d at 602 (citations omitted);
 
 Heffernan & Co. v. Hartford Insurance Co.,
 
 418 Pa.Super. 326, 332, 614 A.2d 295, 298 (1992);
 
 Frey v. Pennsylvania Electric Co.,
 
 414 Pa.Super. 535, 538, 607 A.2d 796, 797 (1992) (citations omitted); Pa.R.Civ.P. 1033, 42 Pa.C.S.A.
 

 In determining whether a wholly different cause of action is introduced by the amendment, technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that original stated ... The test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant.
 

 Frey v. Pennsylvania Electric Co., supra
 
 at 538-39, 607 A.2d at 797-98 (quoting
 
 Hodgen v. Summers,
 
 382 Pa.Super. 348, 350-51, 555 A.2d 214, 215 (1989)).
 

 We have held that tests for determining when an amended complaint presents a different cause of action, which is therefore barred, are: whether a judgment would foreclose any action on either; whether the same measure of damages supports both; whether the same defenses are available in each; and whether the same measure of proof is required.
 

 
 *431
 

 Id.
 
 at 540, 607 A.2d at 798 (citing
 
 Hodgen v. Summers, supra).
 
 A new cause of action arises if, for example, the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed.
 
 Willett v. Evergreen Homes, Inc.,
 
 407 Pa.Super. 141, 150, 595 A.2d 164, 169 (1991) (quoting
 
 Daley v. John Wanamaker,
 
 317 Pa.Super. 348, [359,] 464 A.2d 355, 361 (1983));
 
 Junk v. East End Fire Dept.,
 
 262 Pa.Super. 473, 490, 396 A.2d 1269, 1277 (1978).
 

 By the time the trial court entered summary judgment in favor of Aetna, in the present case, on March 11, 1994, any amendment to the underlying complaints seeking to add a claim of negligent or reckless conduct would introduce a new cause of action for which the operative statute of limitations had expired. Thus, any amendments to the underlying complaints alleging negligent acts or injuries would be time-barred. Moreover, after a thorough search of Pennsylvania case law, we conclude that no precedent exists for recovery in negligence for injuries suffered as a result of the commission by a tortfeasor of the intentional torts of assault and battery. To characterize as negligence the children’s physical and mental injuries alleged as a result of sexual, physical, and mental abuse would be to create a legal oxymoron as an extension of tort law we are not inclined to create. Thus, appellants’ argument merits no relief.
 

 Citing
 
 Vale Chemical Co. v. Hartford Accident and Indemnity Co.,
 
 340 Pa.Super. 510, 518, 490 A.2d 896, 900 (1985), appellants correctly contend that while an insurer’s obligation to defend is fixed solely by the allegations in the underlying action, so long as the underlying action comprehends a single injury which may be within the scope of the policy, the insurer must defend the insured until the insurer is able to confine the claim to a recovery that the policy does not cover. Instantly, the underlying complaints allege sexual, physical, and mental abuse of three four-year-old females. We conclude that on their face, these complaints state no factual allegations to which appellants’ insurance policy actually or potentially applies. Therefore, Aetna had no duty to
 
 *432
 
 defend appellants in the underlying actions, and the trial court appropriately entered summary judgment in Aetna’s favor.
 

 For the foregoing reasons, we hold that the trial court properly granted summary judgment in favor of Aetna in its action for declaratory judgment. Accordingly, we affirm.
 

 Order affirmed.
 

 [1]
 

 . The identity of the parties involved in the underlying actions is masked to protect the identity of the minor children and the appellants.
 

 [2]
 

 . In response to complaints of child sexual abuse received from the parents of the three children, the Bucks County Children and Youth Services began an investigation into Breezy Point Day School on April 28, 1989. The Bucks County District Attorney’s Office assumed the investigation on October 25, 1989. In his report dated March, 1990, the district attorney concluded that there was no basis whatsoever to file criminal charges. The district attorney reported that the evidence produced over an eleven-month period indicated that the allegations of abuse are unfounded, without merit; and no credible evidence existed to support the allegations.
 
 Bucks County District Attorney’s Office Report
 
 — Investigation
 
 into Breezy Point Day School,
 
 March, 1990 at 3-4.
 

 [3]
 

 . The summary judgments in appellants' favor were affirmed by this Court. (See Nos. 2931 and 2963 Philadelphia 1993, filed 6/8/94).
 

 [4]
 

 . In
 
 D’Auria v. Zurich Insurance Co., supra,
 
 this Court stated, "The major difference between indemnity and duty to defend cases is that in the latter, the complaint is the sole guide to the facts.”
 
 Id.
 
 at 236, 507 A.2d at 860.
 

 [5]
 

 . In
 
 Stidham,
 
 we stated that the insurer’s cavalier approach to the legal proceedings, based on its independent decision not to participate, was risky because the insurer had the opportunity to litigate the issue of the insured's intent [in a declaratory judgment action],
 
 Stidham v. Millvale Sportsmen’s Club, supra,
 
 421 Pa.Super. at 567-68, 618 A.2d at 955.
 

 [6]
 

 . Moreover, in
 
 Stidham, supra,
 
 we stated that a guilty plea in criminal proceedings cannot substitute for a declaratory judgment action because all indispensable parties were not involved in that proceeding.
 
 Id.
 
 at 565, 618 A.2d at 954 (citations omitted). Instantly, Aetna properly joined all of the parties to the underlying actions as parties-defendant to its action for declaratory judgment.
 

 [7]
 

 . The
 
 Elitzky
 
 Court also distinguished intent from recklessness. This Court stated in pertinent part, "It is possible that the Elitzkys'recklessly
 
 *427
 
 disregarded the truth and libeled [underlying plaintiff] yet did so with pure hearts.”
 
 Id.
 
 358 Pa.Super. at 375, 517 A.2d at 989. “They could have made this decision because of a belief that their actions would aid society. Resolving one’s doubts in favor of helping society is not the equivalent of intentionally harming someone.”
 
 Id.
 
 at 377, 517 A.2d at 990. This argument is untenable in a case involving the sexual, physical and mental abuse of a child.
 

 [8]
 

 . In
 
 Britamco Underwriters, Inc. v. Weiner, supra,
 
 the underlying plaintiff filed a suit against the owners of a bar alleging that one of the co-owners as well as an employee of the bar struck the plaintiff in the neck. Plaintiff's "[c]omplaint asserted alternative theories of liability sounding in assault and battery, intentional, reckless and/or negligent infliction of emotional distress, and claims of negligence, generally.”
 
 Id.
 
 431 Pa.Super. at 278, 636 A.2d at 650.
 

 [9]
 

 . In
 
 Wiley v. State Farm Fire and Casualty Co., supra,
 
 the appellants, parents of the minor child, filed suit against Floyd Wiley, Jr. on behalf of their child following the entry of a guilty plea by Floyd to indecent assault and corrupting the morals of same minor child. The appellants sought to recover money damages for bodily harm resulting from their daughter’s molestation. The complaint also alleged
 
 negligent
 
 infliction of personal injury. Floyd sought defense of the civil action by State Farm under his homeowner's policy. State Farm agreed to defend subject to a reservation of rights to contest coverage on the ground that the insured’s conduct fell within the standard homeowner's policy coverage exclusion for bodily injury “intended or expected” by the insured. The parties stipulated to: Floyd’s culpability, the value of the appellants’ claim in the event that they should prevail, and the filing of a declaratory judgment action against State Farm to decide the applicability of the homeowner’s policy to the appellant's claim.
 

 Both State Farm and the appellants filed motions for summary judgment. The district court entered judgment in favor of State Farm. The appellants timely appealed.
 

 On review, the Third Circuit Court of Appeals concluded that the district court had properly entered summary judgment in favor of State Farm, reasoning that State Farm had established the existence of the intended harm exclusion in Floyd’s homeowner’s policy and his intent
 
 *429
 
 to harm the minor child as a matter of law through application of the inferred intent rule. Thus, the Court of Appeals affirmed the judgment of the district court.
 

 [10]
 

 .
 
 But see Aetna Life and Casualty Co. v. Barthelemy,
 
 33 F.3d 189 (M.D.Pa.1994) (declining to extend the inferred intent rule beyond the exceptional case of sexual child abuse by an insured adult).