ELCOM TECHNOLOGIES,
INC., Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST, Defendant.

No. 2:96 CV 1056 B.

United States District Court,
D. Utah,
Central Division.

Dec. 10, 1997.

Michael Danton Richardson, David A. Gauntlett, Irvine, CA, Joseph F. Orifici, Salt Lake City, UT, for Plaintiff.

William M. Savino, Uniondale, UT, Rebecca L. Hill, Salt Lake City, UT, Paul M. Gorfinkel, Karin McCarthy, Uniondale, UT, Mark L. Anderson, Salt Lake City, UT, for Defendant.

## MEMORANDUM OPINION AND ORDER

BENSON, District Judge.

### INTRODUCTION

Plaintiff Elcom Technologies, Inc. ("Elcom") filed the above-entitled action against Hartford Insurance Company of the Midwest ("Hartford") in an attempt to recover costs incurred by Elcom in defending an underlying action against Elcom by one of Elcom's business competitors. Elcom filed a motion for summary judgment on February 22, 1997. On June 26, 1997, Hartford filed a cross motion for summary judgment. The court conducted oral argument on Elcom's motion on October 31, 1997. At the hearing, Plaintiff was represented by David A. Gauntlett and Joseph F. Orifici and Defendant was represented by William Savino, Celeste Butera, and Mark Anderson. After reviewing the Parties' briefs, hearing the arguments of counsel and for good cause appearing, the court hereby enters the following Memorandum Opinion and Order.

### FACTS

Phonex Corporation filed a lawsuit (the "underlying action") against Elcom sometime in November of 1995. In the underlying action, Phonex alleged that Elcom willfully and deliberately infringed upon Phonex's patents by manufacturing and selling a product known as the ezPHONE. Phonex also as-

serted that Elcom falsely claimed in its advertising brochures that the ezPHONE is based upon patented technology.

The portions of Phonex's complaint relevant to the issue before the court read in their entirety as follows:

*Fourth Cause of Action*

(False Marking)

\* \* \* \* \* \*

(29) Attached as Exhibit "C", is an advertising brochure (the "ELCOM" brochure) which Phonex is informed and believes ELCOM has disseminated to the general public.

(30) The ELCOM brochure claims ezPHONE is based on "patented core technologies."

(31) Phonex is informed and believes that ELCOM currently has no issued patents nor has ELCOM been assigned the rights to any U.S. Patents supporting the representation made in the ELCOM brochure.

(32) Phonex is informed and believes that the advertising brochure attached as Exhibit "C" and other similar claims have been made by ELCOM for the purpose of deceiving the public.

\* \* \* \* \* \*

*Fifth Cause of Action*

(Lanham Act)

\* \* \* \* \* \*

(34) The ELCOM brochure also claims that the United States Patent and Trademark Office has approved claims for "original and effective solutions" relating to ezPHONE.

(35) Phonex is informed and believes that the ELCOM brochure has been widely disseminated.

(36) Statements made by ELCOM in the advertising brochure and other similar statements made by ELCOM, are false.

(37) The ELCOM brochure and other similar advertisements have a tendency to deceive and/or have actually deceived a significant number of recipi-

ents into believing the ELCOM currently "patented core technology" and/or "claims for original and effective solutions" covering ezPHONE devices.

(38) These deceptions are material in that they are likely to affect the purchasing decisions of ezPHONE purchasers and the general public.

\* \* \* \* \* \*

(40) Phonex has been injured and/or is likely to be injured because of ELCOM's false advertisements.

\* \* \* \* \* \*

PRAYER FOR RELIEF

Wherefore Phonex Corporation demands judgment against defendant ELCOM for declaratory relief and for damages as follows:

\* \* \* \* \* \*

G. That this Court award damages for every offense of false marking pursuant to 35 U.S.C. § 292.

\* \* \* \* \* \*

I. That this Court award damages ... under the Lanham Act, pursuant to 15 U.S.C. § 1117.

Phonex attached several of Elcom's advertising brochures to the complaint as Exhibit "C." Included in those brochures are Elcom's representations that its products are "the world's only wireless transceivers for video, voice and data multimedia services over existing power lines" and that the "United States Patent Office approved Elcom Technologies' claims for original and effective solutions."

During all times at issue, Elcom held a general commercial liability insurance policy (the "policy") issued by Hartford. Under the policy, Hartford agreed to defend and indemnify Elcom in any suit seeking damages against Elcom for, *inter alia,* " 'advertising injury' caused by an offense committed in the course of advertising ... [its] products ... if the offense was committed in the 'coverage territory' during the policy period." The policy defines the term "advertising injury" as, *inter alia,* "misappropriation of advertising ideas or style of doing business." The policy does not define the phrase "misappropriation of advertising ideas or style of doing

business." The policy also contains several exclusions. It expressly excludes coverage for "advertising injury ... [a]rising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity" or "arising out of ... the failure of goods, products or services to conform with advertised quality or performance."

Elcom asserts that the wrongful conduct alleged by Phonex in the underlying action amounts to an "advertising injury" covered by the policy between Elcom and Hartford. Elcom, therefore, contends that Hartford had a contractual duty to defend Elcom in the underlying action. Hartford refused to defend Elcom in the underlying action claiming that the allegations in the underlying complaint do not constitute the type of advertising injury covered by the policy.

## DISCUSSION

### I. *Standard of Review*

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### II. *Duty to Defend*

The Parties agree that the law of Pennsylvania is controlling in this case. In Pennsylvania, an insurer's duty to defend arises when the allegations of the underlying complaint against the insured potentially fall within the coverage of the policy. *Aetna Casualty & Sur. Co. v. Roe,* 437 Pa.Super. 414, 650 A.2d 94, 98–99 (1994). If the allegations of the complaint do not state a claim against the insured to which the policy potentially applies, or if such allegations fall within one or more of the exclusions to the policy,

there is no duty to defend. *Wilson v. Maryland Casualty Co.*, 377 Pa. 588, 105 A.2d 304, 307 (1954). Any doubt whether a duty to defend has arisen must be resolved in favor of the insured. *Maryland Cas. Co. v. Willsey*, 380 P.2d 254, 258 (Okla.1963).

## III. *Insurance Policy*

### A. *Misappropriation of Style of Doing Business*

■ In order to determine whether the claims asserted by Phonex in its complaint may fall within the protections of the policy, the court must define the phrase "style of doing business." Courts have generally held that "style of doing business" means a company's "comprehensive manner of operating its business." *Applied Bolting Technology Products, Inc. v. U.S. F & G*, 942 F.Supp. 1029, 1034 (E.D.Pa.1996) (quoting *Poof Toy Products, Inc. v. United States Fidelity & Guar. Co.*, 891 F.Supp. 1228, 1232 (E.D.Mich. 1995)). Whether or not particular acts constitute a company's style of doing business varies with the facts of each case. Certain acts by one company might amount to a comprehensive manner of operating its business while the same acts by another company may only be considered representations to the public about the company's product or service.

■ Phonex purchased from two inventors the rights to the technology upon which Phonex's product, the PHONEJAK, is based and began selling the PHONEJAK in the marketplace. Sometime thereafter, Elcom began to produce and sell the ezPHONE. In an attempt to avoid confusion in the public's mind between the PHONEJAK and the ezPHONE, Phonex implemented an advertising plan to distinguish the two products from one another. Phonex did this by advertising that the technology upon which the PHONEJAK is based is patented and that the PHONEJAK is "the only Wireless Telephone Jack on the Market." Elcom knew that Phonex was its only competitor in the marketplace and that Phonex holds the patents to the technology upon which both the PHONEJAK and the ezPHONE are based. Nevertheless, Elcom began advertising the ezPHONE as "the world's only wireless transceivers for video, voice and data mul-

timedia services over existing power lines" and representing that the "United States Patent Office approved Elcom Technologies' claims for original and effective solutions."

Phonex recognized that the likelihood of confusion in consumers' minds between the PHONEJAK and the ezPHONE was substantial, particularly in light of the fact that the market consisted of only two competitors and the products marketed by each of those competitors were nearly identical. In an attempt to prevent that confusion, Phonex began advertising the PHONEJAK as the only patented wireless telephone jack on the market. Phonex's strategy of advertising the PHONEJAK in the manner that it did was part of Phonex's style of doing business. When Elcom began making the very same claims about its product, it is a fair argument to make that Elcom usurped from Phonex that style of doing business.

Determining that Elcom may have misappropriated Phonex's style of business does not on its own, however, give rise to a duty to defend on the part of Hartford. The court must also determine whether the allegations made in the underlying complaint potentially bring the suit within the policy's coverage. After learning of the claims made by Elcom in its advertising brochures, Phonex filed the underlying action against Elcom asserting both patent infringement and false advertising claims. Additionally, Phonex attached several of Elcom's advertising brochures to the complaint as Exhibit "C." Included in those brochures are Elcom's representations to the public that its products, including the ezPHONE, are "the world's only wireless transceivers for video, voice and data multimedia services over existing power lines" and that the "United States Patent Office approved Elcom Technologies' claims for original and effective solutions."

The statements made by Elcom in the advertising brochures attached as Exhibit "C" to Phonex's complaint were an integral part of Phonex's false marking and false advertising claims against Elcom. The very acts Phonex complained of were part of the way Phonex operated its business. Phonex's style of doing business was to advertise it's device as the only patented product on the

market. Phonex's claims that Elcom wrongfully represented to the public that Elcom held the patents to the technology constituted allegations that Elcom usurped Phonex's style of doing business. Accordingly, the allegations of the complaint potentially brought the suit within the coverage of the policy. Hartford, therefore, had a duty to defend Elcom in the underlying action.

### B. *Policy Exclusions*

■ The policy between Elcom and Hartford contains several exclusions to Hartford's duty to defend. Elcom claims that two of those exclusions apply in this case to negate any potential duty the court might find Hartford had to defend Elcom in the underlying action.

#### 1. *Knowledge of Falsity Exclusion*

The insurance policy between Elcom and Hartford provides that coverage under the policy does not apply to any advertising injury that arises out of a written publication if done by the insured with knowledge of its falsity. Phonex's false marking claim alleges that Elcom's representation that its product is based upon patented technology was made for the purpose of deceiving the public. Because the false marking claim alleges the representations by Elcom were made for the purpose of deceiving the public, Phonex's claim inherently alleges Elcom knew those representations were false, which would make that claim excludable under the knowledge of a falsity exclusion.

Phonex's false advertising claim, however, does not require an intent to deceive or knowledge of falsity. J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition,* (4th ed.1977) § 27:24, pp. 27–38 to 27–39. That claim can be proved by establishing that Elcom acted with reckless indifference in advertising the ezPHONE as the only patented wireless telephone jack on the market. Therefore, the knowledge of falsity exclusion does not apply to Phonex's false advertising claim and Hartford does not argue that it does.

The court has already concluded that Hartford had a duty to defend Elcom in the underlying suit under the "advertising injury" portion of the insurance policy. Because an insured entity need only show that one

issue may bring the suit within the policy's coverage for a duty to defend to arise, the false advertising claim is not excludable under the knowledge of falsity exception. Therefore, Hartford had a duty to defend Elcom, which it failed to do.

#### 2. *Failure to Conform Exclusion*

■ The policy between Elcom and Hartford also provides that coverage under the policy does not apply to any advertising injury that arises out of the failure of the product to conform with advertised quality or performance. Phonex's false advertising claim is based upon § 43(a) of the Lanham Act, 15 U.S.C. 1125. In that claim, Phonex alleges that Elcom wrongfully advertised that its product was patented. Nowhere does Phonex claim that the quality of Elcom's product failed to rise to the level advertised.

In *DecisionOne Corp. v. ITT Hartford Ins. Group,* the Pennsylvania District Court concluded that where the underlying complaint merely alleged that the insured made false and misleading comparisons with another's product, not that the products failed to rise to the level advertised, the failure to conform exclusion did not apply. *DecisionOne Corp. v. ITT Hartford Ins. Group,* 942 F.Supp. 1038, 1043 (E.D.Pa.1996). Because Phonex's false advertising claim does not allege that Elcom's product failed to rise to the level advertised, the failure to conform exclusion does not apply to that claim. Because the failure to conform exclusion does not apply to Phonex's false advertising claims, Hartford had a duty under the policy to defend Elcom in the underlying action.

### CONCLUSION

The court hereby concludes that Hartford had a duty to defend Elcom in the underlying action because Phonex's allegations of false marking and false advertising allege the type of "advertising injury" enumerated in the policy as "misappropriation of advertising ideas or style of doing business." Furthermore, the policy's "knowledge of falsity" and "failure to conform" exclusions do not apply to bar coverage. In accordance with the foregoing, it is hereby ORDERED that Plaintiff's motion for summary judgment is

GRANTED and Defendant's cross-motion for summary judgment is DENIED.