

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Cincinnati Ins Co v. Trosch

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cincinnati Ins Co v. Trosch" (2008). *2008 Decisions*. Paper 1401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3412
_____

THE CINCINNATI INSURANCE COMPANY,
                                                                        Appellant
v.

ERIC W. TROSCH; BRENDAN GEBHART;
CHRISTOPHER GEBHART
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00399)
District Judge: Honorable Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
on January 28, 2008

Before: SCIRICA, Chief Judge, and RENDELL, Circuit Judge,
and RODRIGUEZ,* District Judge.

(Filed March 20, 2008)

_____

OPINION OF THE COURT
_____

_____

    *  Honorable Joseph H. Rodriguez, Senior Judge of the United States District Court
       for the District of New Jersey, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Appellant, the Cincinnati Insurance Company ("Cincinnati"), brought a declaratory judgment action in the District Court ("District Court Action") seeking a declaration that the homeowner insurance policy issued by it to Dr. James R. Gebhart and Cynthia A. Gebhart did not provide liability insurance coverage to resident relatives. The resident relatives, Brendan and Christopher Gebhart ("Gebhart Defendants"), had been sued by Eric W. Trosch ("Trosch") in the Court of Common Pleas of Mercer County, Pennsylvania, for allegedly creating a defamatory profile of Trosh on MySpace.com ("Underlying Action").

In the District Court Action, Cincinnati sought a declaration that it did not owe a duty to defend the Gebhart Defendants in the Underlying Action based on an exclusion for certain defamation claims. At a settlement conference held on July 5, 2007, the parties agreed to stay the District Court Action pending resolution of the Underlying Action. Three days later, Cincinnati moved to vacate the stay, but the District Court denied the motion without opinion. On July 17, 2007, the Court entered an order officially staying the District Court Action. It is from this order that this appeal has been taken.[1]

---

[1]Because we conclude that the order of the District Court entering the stay is a final order, we have jurisdiction to hear this appeal. *See Terranova Ins.Co. V. 900 Bar, Inc.*, 887 F.2d 1213, 1216 (3d Cir. 1989). As we noted in *Terranova*, "the stay is effectively final as to [the insurer's] obligation to provide a defense in the underlying state tort action and is not inherently tentative." *Id.* The ruling in the District Court Action puts

(continued...)

2

Cincinnati urges that when one compares the averments of the complaint in the Underlying Action to the policy exclusion, it is clear that there is no coverage and, thus, no duty to defend. The policy at issue provides coverage for "personal injury," which includes "[d]efamation of character." (App. 65, 42.) However, there is an exclusion from coverage if the personal injury has been "[c]aused by . . . an 'insured' with the knowledge that the act would violate the rights of another and would inflict 'personal injury'" or if it is "[a]rising out of . . . [o]ral or written publication of material, if done by . . . an 'insured' with knowledge of its falsity." (*Id.* at 70-71.) Because Trosch has alleged that the Gebhart Defendants knew that the defamatory statements were not true and published the statements with the intent of harming his reputation, the allegations clearly fall within the exclusions. Cincinnati contends that this is a sufficient basis for finding no duty to defend and that there is no need for further investigation of the facts.

In response, the Gebhart Defendants urge that claims in the Underlying Action potentially come within the coverage because the Gebhart Defendants could be held liable for defamation even if their conduct is not found to fit squarely within the exclusion, particularly as to the issues of knowledge and intent. They argue that coverage depends upon facts to be determined in the Underlying Action, and thus the District Court Action was properly stayed.

---

[1](...continued)
Cincinnati "effectively out of court," *Moses H. Cone Mem'l Hops. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983) (internal quotation marks omitted), as to the duty to defend issue, and thus, the Cincinnati is entitled to appeal.

We review the District Court's determination to enter a stay for abuse of discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). We find no abuse here. As the Gebhart Defendants point out, the duty to defend is triggered when the complaint involves an injury that is "actually or *potentially*" within the scope of the policy. *Aetna Cas. & Sur. Co. v. Roe*, 650 A.2d 94, 99 (Pa. Super. Ct. 1994). Although the complaint in the Underlying Action avers conduct that would be excluded because of the alleged intent and knowledge of the Gebhart Defendants, there is the potential for the claim to be covered if a different level of knowledge or intent were to be found by the jury. Thus, it was not an abuse of discretion for the District Court to stay the District Court Action while the Underlying Action proceeds. Accordingly, we will not disturb the District Court's entry of the stay.

In light of the foregoing, we will AFFIRM the Order of the District Court.