## Peerless Indemnity Insurance Co. v. Cincinnati Insurance Co.

C.P. of Allegheny County, No. GD 13-017106; 1057 WDA 2014

*Michael Nerrone*, for plaintiff.
*Adam Barnes*, for defendant.

HERTZBERG, *J.*, Sept. 2, 2014—I write this opinion in support of my June 12, 2014 order of court granting summary judgment to Peerless Indemnity Insurance Company ("Peerless") by declaring that Peerless does not owe insurance coverage to Wyatt, Inc. ("Wyatt") in an underlying lawsuit against Wyatt.

The underlying lawsuit in this case stems from a construction project involving the renovation of several floors of a building in Downtown Pittsburgh. Wyatt was the general contractor for the renovation project. One subcontract agreement that Wyatt entered into was with Franklin Electric (the original defendant in the underlying action, "Franklin"). Franklin purchased a commercial general liability policy from Peerless for the renovation project. On March 10, 2009 Paul Zern (plaintiff in the underlying action, "Zern") was painting an area where Franklin had completed electrical work. Zern came into contact with a live electrical wire and was injured. On February 28, 2011 Zern filed suit against Franklin. Franklin then joined Wyatt as an additional defendant in

the underlying action. After being joined in the underlying action, Wyatt sought defense and indemnification from Peerless, asserting that it was an additional insured pursuant to the commercial general liability policy issued to Franklin by Peerless. Peerless determined that Wyatt did not qualify for coverage as an additional insured and on September 18, 2013 Peerless filed a complaint for declaratory judgment seeking a declaration that it did not owe any duty of coverage to Wyatt. On May 1, 2014 Peerless filed a motion for summary judgment. On May 20, 2014 Cincinnati Insurance Company ("Cincinnati") and Wyatt filed a cross-motion for summary judgment. On June 3, 2014, argument was held before the undersigned on the motion and cross-motion for summary judgment. On June 12, 2014 I issued an order of court that granted Peerless' motion for summary judgment, thus relieving Peerless from any duty to provide coverage to Wyatt in the underlying action. On July 3, 2014 Cincinnati and Wyatt filed a notice of appeal. On July 24, 2014 Cincinnati and Wyatt timely filed a concise statement of the errors complained of on appeal ("concise statement"). Pursuant to Pa.R.A.P. No. 1925(a), this opinion addresses the allegations of errors listed in the concise statement.

A brief overview of the insurance policy involved and its purpose will help to explain this dispute. When Wyatt entered into a subcontract with Franklin, the contract required Franklin to obtain insurance coverage that would indemnify Wyatt in the event that Wyatt was subject to liability as a result of Franklin's work. Franklin obtained insurance from Peerless and Endorsements 22-132 and 22-135 were added to Franklin's insurance

policy. These endorsements set forth the circumstances that trigger coverage for Wyatt as an additional insured under Franklin's policy, as well as the exclusions from coverage, which would preclude Wyatt from coverage as an additional insured. Meanwhile, Wyatt purchased its own insurance coverage for the project from Cincinnati. Peerless Endorsements 22-132 and 22-135 provide coverage to Wyatt only in the event that Wyatt is subject to vicarious liability based on the acts or omissions of Franklin. When reading the endorsements as a whole, it is clear that vicarious liability is the only situation in which coverage for Wyatt is contemplated. The exclusions in each endorsement clearly establish that coverage is not provided for Wyatt's negligence, as that is covered by Wyatt's Cincinnati policy. Wyatt places great focus on the fact that the complaint in the lawsuit between Zern and Franklin (in which Zern alleges that Franklin is liable for his injuries) is incorporated into the first amended complaint to join. This incorporation is irrelevant, since the first amended complaint to join essentially alleges that Wyatt's negligence caused Zern's injuries, but not that Wyatt is vicariously liable for Franklin's conduct. The averments that Wyatt's negligent acts and omissions were responsible for Zern's injuries take the case out of the realm of solely an instance of vicarious liability and places it squarely into the exclusions created in Endorsements 22-132 and 22-135. Further, holding that Peerless must provide coverage to Wyatt would lead to an illogical result. In the underlying lawsuit, Franklin is suing Wyatt. If I had denied Peerless' motion for summary judgment, the result would be that I would require Franklin's insurer to provide insurance coverage to the very party against

whom Franklin is lodging a lawsuit! Certainly, that was not the intent of the endorsements obtained pursuant to the subcontract. Thus, it is clear why granting Peerless' motion for summary judgment was appropriate.

It is also helpful to discuss what determines when coverage under an insurance policy has been triggered. Whether an insurer has a duty to defend is determined by looking at the factual allegations contained in the underlying complaint. *Mutual Benefit Insurance Company v. Haver*, 555 Pa. 534, 725 A.2d 743 (1999). In fact, an insurer's duty to defend is "fixed solely by the allegations in the underlying complaints." *Aetna Casualty and Surety Company v. Roe, et al*, 437 Pa. Super. 414, 420, 650 A.2d 94, 98 (1994) citing *Stidham v. Millvale Sportsman's Club*, 421 Pa. Super. 548, 618 A.2d 945 (1992). Thus, when ruling on plaintiff's motion for summary judgment, I was constrained to look to the facts in the underlying (first amended) complaint to join additional defendant Wyatt.[1]

Now I will address the specific allegations of error found in the concise statement. In paragraph 4 of the concise statement, Cincinnati and Wyatt allege that I erred "by failing to declare as a matter of law that Wyatt, Inc. was an additional insured..." under Endorsement 22-132 of the Peerless policy. Endorsement 22-132 is titled

---

[1]. In the *Zern v Franklin* lawsuit, Franklin filed documents entitled "Complaint to Join Additional Defendant, Wyatt, Inc.," "First Amended Complaint to Join Additional Defendant, Wyatt, Inc.," and "Second Amended Complaint to Join Additional Defendant Wyatt, Inc." Since the errors alleged in the concise statement refer only to the first amended complaint to join, I also will refer only to that document. The differences between the first and second amended complaints are minimal and insignificant to the disputed issues on appeal.

"additional insured — owners, lessees or contractors — automatic status when required in construction agreement with you." Endorsement 22-132 provides coverage when bodily injury is caused, in whole or in part, by the insured's acts or omissions or the acts or omissions of those acting on the insured's behalf. *See* paragraph A of Endorsement 22-132. However, Endorsement 22-132 also contains exclusions that will prevent an additional insured from receiving coverage. Insurance coverage does not apply when: bodily injury arises from the sole negligence of the additional insured, or when bodily injury arises from the failure to render supervisory activities. *See* paragraph B of Endorsement 22-132. The factual allegations in count I of the first amended complaint to join additional defendant clearly preclude defendant Wyatt from coverage under Endorsement 22-132 as count I alleges both acts of negligence and failure of supervisory duties on the part of defendant Wyatt. When examining the facts of an underlying complaint to determine insurance coverage, "it is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend." *Aetna* at 422, citing *D'Auria v. Zurich Insurance Company*, 352 Pa. Super. 231, 507 A.2d 857 (1986). Therefore, my decision not to declare Wyatt an additional insured under Endorsement 22-132 was correct.

In paragraphs 5 and 6 of the concise statement, Cincinnati and Wyatt allege that I erred by "failing to declare as a matter of law that the allegations in the first amended complaint to join...were legally insufficient to satisfy [Peerless'] burden of proof" that Wyatt is excluded from coverage under subparagraph B of Endorsement 22-132. Subparagraph B of Endorsement 22-132 provides

that insurance coverage for an additional insured does not apply to bodily injury arising out of supervisory or inspection activities. The complaint to join very clearly alleges facts that fall within the exclusion in Endorsement 22-132. The party moving for summary judgment must present evidence that "clearly exclude[s] any genuine issue of material fact." *Id.* at 420. Since the obligation of an insurer to defend is based on the facts of the complaint alone, the underlying complaint to join is sufficient proof to show that Peerless is entitled to summary judgment.

In paragraph 7 of the concise statement, Cincinnati and Wyatt allege that I erred "by failing to declare as a matter of law that Wyatt, Inc. was an additional insured under the Peerless policy by operation of...[Endorsement 22-135]...." Endorsement 22-135 is titled "Additional Insured — Automatic Status When Required in a Construction Agreement with you — Contractors — Completed Operations." Endorsement 22-135 provides coverage to an additional insured when liability for bodily injury is caused by an insured's work or is included in an insured's "products-completed operations hazard." *See* paragraph A of Endorsement 22-135. Endorsement 22-135 also contains exclusions when coverage will not be provided to an additional insured. Endorsement 22-135 states that "[t]his insurance does not apply to" bodily injury arising out of "any act or omission of the additional insured or the additional insured's employees," nor does it apply to bodily injury arising out of the failure to render supervisory services. *See* paragraph B of Endorsement 22-135. Count I of the second amended complaint to join additional defendant Wyatt contains multiple factual allegations that the bodily injuries of Zern were directly or proximately caused by the acts or

omissions of Wyatt. Thus, when comparing the allegations of the underlying first amended complaint to join defendant Wyatt with the terms of Endorsement 22-135, it is clear that Wyatt is not entitled to coverage. *See Aetna* at 424, citing *Britamco Underwriters, Inc. v. Weiner*, 431 Pa. Super. 276, 636 A.2d 649 (1994). Therefore, my decision not to declare Wyatt an additional insured under Endorsement 22-135 was correct.

In paragraphs 8 and 9 of the concise statement, Cincinnati and Wyatt allege that I erred by "failing to declare as a matter of law that the allegations in the first amended complaint to join...were legally insufficient to satisfy [Peerless'] burden of proof" that Wyatt is excluded from coverage under subparagraph B of Endorsement 22-135. Subparagraph B of Endorsement 22-135 provides that insurance coverage for an additional insured does not apply to bodily injury arising out of the acts or omissions of the additional insured or the additional insured's employees, nor is coverage applicable for bodily injury arising out of supervisory or inspection activities provided by the additional insured. The complaint to join very clearly alleges facts that fall within the exclusions in Endorsement 22-135. The party moving for summary judgment must present evidence that "clearly exclude[s] any genuine issue of material fact." *Aetna* at 420. Given that the obligation of an insurer to defend is based on the facts of the complaint alone, the underlying complaint to join is sufficient proof to show that plaintiff is entitled to summary judgment. Therefore, the allegations in the first amended complaint to join satisfied Peerless' burden of proving Wyatt is excluded from coverage.