639 A.2d 1208

**BRITAMCO UNDERWRITERS, INC., Appellant,**

v.

**Edward R. GRZESKIEWICZ and Joan Grzeskiewicz, h/w, t/a Dagwood's Pub and Donna Lee Smith.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1994.

Filed April 7, 1994.

R. Bruce Morrison, Philadelphia, for appellant.

Philip L. Blackman, Philadelphia, for Grzeskiewicz, appellees.

Before CIRILLO, BECK and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County denying appellant Britamco Underwriters, Inc.'s (Britamco) petition for reconsideration of the order denying summary judgment, and denying Britamco's petition to certify the order to permit appeal. We reverse.

Donna Lee Smith (Smith) filed suit against Edward F. Grzeskiewicz and Joan Grzeskiewicz h/w individually & t/a Dagwood's Pub (collectively as Dagwood's Pub) and William Hopania alleging that William Hopania, a patron of Dagwood's Pub, violently attacked Smith with a broken beer bottle, striking her in the face. Smith's complaint also asserted that her injuries were caused by Dagwood's Pub's carelessness, recklessness, negligence and/or gross and wanton disregard, through its agents, servants, or employees.

Dagwood's Pub sought coverage for Smith's claims under its Multi–Peril policy with Britamco. In response, Britamco's claim representative sent to Dagwood's Pub a reservation of rights letter in which Britamco denied and disclaimed coverage due to policy exclusions for claims arising from incidents of assault and battery and for liquor liability/dram shop claims. Thereafter, Britamco filed a declaratory judgment action seeking a declaration that it had no duty to defend or

indemnify Dagwood's Pub in connection with Smith's claims. After Smith and Dagwood's Pub filed their answers, Britamco filed a motion for summary judgment on three grounds: (1) the incident in question was not an "occurrence" under the language of the policy; (2) the claims were excluded from coverage under the language of the assault and battery endorsement to the policy; and (3) the dram shop claim was excluded from coverage under the language of the liquor liability exclusion of the policy. The Honorable John W. Herron denied Britamco's motion for summary judgment. Britamco's petitions for reconsideration and, in the alternative, for certification of this matter for review were denied. This court granted Britamco's petition for review. *See* Pa.R.A.P. 1311; 42 Pa.C.S.A. § 702(b). Britamco presents three issues for our review:

(1) Whether the trial court erred in denying Britamco's motion for summary judgment holding that factual questions exist as to whether the alleged negligence of defendants (Dagwood's Pub) constitutes an "occurrence" under the insurance policy? [1]

(2) Whether the trial court erred in failing to set forth any reason why it denied Britamco's motion for summary judgment where the underlying claim is excluded by the assault and battery exclusion of the policy?

(3) Whether the trial court erred in failing to set forth any reason why it denied Britamco's motion for summary judgment where the underlying liquor liability claim is excluded by the liquor liability exclusion of the policy?

When we review the grant or denial of a motion for summary judgment made under Pa.R.C.P. 1035, our scope of review is well settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment may be grant-

---

1. Also couched in Britamco's first question presented is a challenge to the trial court's denial of its request for certification for review to this court. We find this issue mooted by this court's order granting Britamco's petition for review.

ed only where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil,* 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry or denial of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.,* 415 Pa.Super. 189, 608 A.2d 1074 (1992).

 The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage. *Erie Ins. Exchange v. Transamerica Ins. Co.,* 516 Pa. 574, 582, 533 A.2d 1363, 1368 (1987). Moreover, the insurer agrees to defend the insured against any suit arising under the policy "even if such suit is groundless, false, or fraudulent." *Gedeon v. State Farm Mutual Automobile Ins. Co.,* 410 Pa. 55, 56, 188 A.2d 320, 321 (1963). Since the insurer agrees to relieve the insured of the burden of defending even those suits which have no basis in fact, the obligation to defend arises whenever the complaint filed by the injured party may potentially come within the coverage of the policy. *Id.; see also Wilson v. Maryland Cas. Co.,* 377 Pa. 588, 105 A.2d 304 (1954); *Biborosch v. Transamerica Ins. Co.,* 412 Pa.Super. 505, 603 A.2d 1050 (1992); *Youngman v. CNA Ins. Co.,* 401 Pa.Super. 381, 585 A.2d 511 (1991). In order to determine whether a claim may potentially come within the coverage of the policy, we must first ascertain the scope of the insurance coverage and then analyze the allegations in the complaint. *Biborosch,* 412 Pa.Super. at 509, 603 A.2d at 1052 (citing *Cadwallader v. New Amsterdam Casualty Co.,* 396 Pa. 582, 152 A.2d 484 (1959)).

 The standards to be applied in reviewing insurance contracts are well settled. The proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured. *Dibble v. Security of America Life Ins.*

*Co.*, 404 Pa.Super. 205, 210, 590 A.2d 352, 354 (1991). In determining the reasonable expectations of the insured, courts must examine the totality of the insurance transaction involved. *Id.* However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, *see Collister v. Nationwide Life Insurance Co.*, 479 Pa. 579, 388 A.2d 1346 (1978) and *Winters v. Erie Insurance Group*, 367 Pa.Super. 253, 532 A.2d 885 (1987), an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous. *Bateman v. Motorists Mut. Ins. Co.*, 527 Pa. 241, 245, 590 A.2d 281, 283 (1991); *see also Neil v. Allstate Insurance Co.*, 379 Pa.Super. 299, 549 A.2d 1304 (1988); *St. Paul Mercury Ins. Co. v. Corbett*, 428 Pa.Super. 54, 630 A.2d 28 (1993) (en banc). Where a provision of an insurance policy is ambiguous, the provision is construed in favor of the insured and against the insurer. *Bateman*, 527 Pa. at 245, 590 A.2d at 283.

■ First, Britamco contends that the trial court erred in finding that factual questions exist as to whether the alleged negligence of Dagwood's Pub constitutes an "occurrence" under the policy. We agree.

The policy provides:

**"occurrence"** means an *accident*, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

(emphasis added). In support of its position, Britamco relies on *Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 519 Pa. 306, 548 A.2d 246 (1988). There, Nationwide issued Gene's Restaurant a comprehensive general liability insurance policy which defined "occurrence" in the same manner as does the policy in this case. After reviewing the policy and the underlying complaint, the Pennsylvania Supreme Court held:

Under this definition an 'occurrence' is an accident. The willful and malicious assault alleged in the complaint is not an accident but rather is an intentional tort. As such, it is

not covered by the policy and, therefore, the insurer owed no duty to defend.

*Id.* at 309, 548 A.2d at 247.

Here, Count II of Smith's complaint sets forth Smith's claims against Hopania. Smith avers that "the injuries and damages she sustained ... occurred as [a result of] the intentional, willful and purposeful acts of William Hopania." Smith does not allege that the incident in question amounted to an "accident," nor does she claim that her injuries were incurred as a result of any negligence by Hopania. In light of these allegations and the Supreme Court's decision in *Gene's Restaurant, supra*, we find that Smith's claims against Dagwood's Pub, arising out of Hopania's assault, do not constitute an "occurrence" as defined by the instant policy.

This case is distinguishable from our recent decision in *Britamco Underwriters, Inc. v. Weiner*, 431 Pa.Super. 276, 636 A.2d 649 (1993). In *Weiner*, a patron of a bar (plaintiff) sued the bar, the owners of the bar, and an employee for neck injuries that the plaintiff sustained as a result of an altercation at the bar one evening. The bar sought coverage for the plaintiff's claims under its general liability policy with Britamco. As in this case, Britamco filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify the bar in connection with the plaintiff's claims. After examining the underlying complaint and the insurance policy in *Weiner*, however, this court found that Britamco owed the bar a duty to defend. *Id.*

In contrast to this case, the plaintiff in *Weiner* did not set forth a separate count against the individual(s) who allegedly struck him in the neck. In fact, the underlying complaint in *Weiner* alleged that he was struck by one of the owners of the bar and/or by one of the bar's employees. In addition, the plaintiff there did not allege that he received his injuries solely as the result of the intentional acts of one or more of the defendants. Specifically, paragraph 23 of the *Weiner* complaint averred that the "defendants (including the bar, the owners of the bar, and an employee) intentionally, recklessly

**and/or negligently** performed the aforementioned acts. . . ." We held, therefore, that because the plaintiff's claims may potentially come within the coverage of the Britamco policy, Britamco owed the bar a duty to defend. *Id.; Gedeon, supra.* Such is not the case here.

 Notwithstanding the above, the assault and battery endorsement to the policy clearly excludes coverage in this case:

### *Assault & Battery Endorsement*

[T]he Company [Britamco] is under no duty to defend or to indemnify an insured in any action . . . alleging such damages:

1. Assault;

2. Battery;

3. Harmful or offensive contact between two or more persons . . .

Regardless of degree of culpability or intent and without regard to:

. . . . .

**C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct.**

(emphasis added).

In paragraph eight (8) of her complaint, Smith alleges various claims of negligence and/or recklessness against Dagwood's Pub through its agents, servants, or employees. Some of these averments can be paraphrased as follows:

(a) permitting Hopania to remain on the premises when it (Dagwood's Pub) knew or should have known of his dangerous propensities (boisterous, threatening gestures, etc.);

(b) failing to take reasonable measures to prevent Hopania from becoming boisterous, loud, etc., when they knew or should have known . . .;

(c) failing to warn Smith of the above-mentioned hazards and/or dangers;

(d) failing to use due care under the circumstances;

(e) failing to exercise the highest degree of care as required by an innkeeper;

(f) failing to protect Smith from the negligence or intentional acts of Hopania when such propensities were known or should have been known;

(g) failing to instruct employees concerning their duties to protect patrons....

These allegations are clearly excluded by the above-quoted assault and battery endorsement to the policy.

■ Dagwood's Pub contends that the assault and battery exclusion in the policy does not conform to its agreement with Britamco that the policy would cover injury to third parties caused by Dagwood's Pub's negligence or the negligence of its employees. Dagwood's Pub points to its signed application for insurance where it agreed to an assault and battery exclusion, which provides as follows:

The policy will contain the following specific insuring agreements:

* Assault & Battery Exclusion—excludes claims *arising out of Assault & Battery* for any cause including negligence in hiring, retention and control of employees....

(emphasis added). Dagwood's Pub argues that the final assault and battery exclusion contained in the policy is much broader than the exclusion that it agreed to in the application for insurance. Nonetheless, we find that the exclusion contained in the application unambiguously precludes recovery under the instant set of facts. *Bateman, supra.* Again, Smith's underlying complaint against Dagwood's Pub and Hopania claims that her injuries were solely the result of Hopania's "intentional, willful and purposeful acts." Her claims, therefore, are expressly barred as they "ar[ose] out of [an] Assault [and] Battery."

■ Finally, Britamco contends that the liquor liability exclusion of the policy precludes recovery as to Smith's dram shop claim against Dagwood's Pub.[2] We agree.

2. Dagwood's Pub argues that Britamco is precluded from raising this issue because Britamco failed to raise it in its complaint for declaratory

Paragraph 8(c) of Smith's complaint avers that Dagwood's Pub violated "various provisions of the Pennsylvania Liquor Code." However, the instant insurance policy contains a liquor liability exclusion, which reads in part:

### LIQUOR LIABILITY EXCLUSION

It is agreed that this policy shall not apply to **Bodily injury** or **Property Damage** for which the **Insured** or his indemnitee may be held liable.

1. as a person or organization engaged in the business of manufacturing, selling or serving alcoholic beverages, by reason of selling, serving or giving any alcohol[ic] beverage[;]

 (a) *in violation of any statute, ordinance, or regulation....*

(underlining added). We find that this provision clearly and unambiguously excludes coverage for Smith's general claim under the liquor code (dram shop claim). *Bateman, supra. See Curbee, Ltd. v. Rhubart,* 406 Pa.Super. 505, 594 A.2d 733 (1991); *United States Fidelity and Guar. v. Griggs,* 341 Pa.Super. 286, 491 A.2d 267 (1985).

Order denying summary judgment is reversed. Jurisdiction is relinquished.

BECK, J., files a concurring statement.

BECK, Judge, concurring.

I concur in the result. While I am persuaded that the instant case is correctly decided, I find the majority's attempt to distinguish *Britamco Underwriters, Inc. v. Weiner,* 431 Pa.Super. 276, 636 A.2d 649 (1993), unsuccessful.

I do not agree that the acts alleged in *Weiner* were accidental. They appear to have been as intentional as the acts alleged in this case, where the majority correctly concludes

judgment. We disagree. This issue is properly before this court because Britamco raised it in the trial court in its motion for summary judgment. *See* Pa.R.A.P. 302(a) and *Princeton Sportswear Corp. v. H & M Associates,* 510 Pa. 189, 507 A.2d 339 (1986).

that the insurance company does not have a duty to defend *because* the acts complained of were intentional.