ALITO, Circuit Judge,
concurring.
I concur in the result reached by the majority, but I write separately to provide a brief supplementary explanation. In this case, the insured, Linda Pipher, was sued for damages resulting from the death of Bernine McFadden. That suit alleged that McFadden was intentionally killed in an apartment that she and her husband had rented from Pipher; that the assailant, Ian S. Wood, was hired by Pipher to paint the apartment; and that McFadden’s death resulted from Pipher’s negligence. Among other things, the complaint asserted that Pipher was negligent in failing to re-install doors necessary for the safety of the tenants and in hiring Wood, who was allegedly known to be a drug abuser. App. 116. Pipher’s insurance policy with Nationwide provides coverage for “damages the insured is legally obligated to pay due to an occurrence.” App. 91. The term “occurrence” is defined as including “bodily injury or property damage resulting from ... [an] accident.” Id. at 84. The critical question in this appeal, therefore, is whether McFadden’s death was an “accident” within the meaning of the policy.
An “accident” is generally understood to be an event that is “unintentionally caused.” Random House Dictionary of the English Language 9 (1967). Here, the complaint in the tort suit against Pipher did not allege that Wood “unintentionally caused” McFadden’s death; on the contrary, that complaint alleged that he intentionally killed her. At the same time, however, that complaint, by alleging that Pipher’s acts of negligence proximately caused Bernine McFadden’s death, did in essence allege that Pipher “unintentionally caused” her death. Therefore, according to the complaint, MeFadden’s death was not an accident from Wood’s perspective but was an accident from Pipher’s perspective.
Under Pennsylvania law, if a term in an insurance policy is ambiguous “and if the insurer wrote the policy or is in a stronger bargaining position than the insured, the ambiguity is generally resolved in favor of the insured and against the insurer.” Eastern Associated Coal Corp. v. Aetna Cas. & Sur. Co., 632 F.2d 1068, 1075 (3d Cir.1980). Here, the policy provision providing coverage for damages resulting from an “accident” is ambiguous because the provision does not specify the perspective from which the accidental or non-accidental nature of the result is to be judged. Therefore, if I were free to exercise my independent judgment as to how the policy provision should be interpreted in light of the Pennsylvania rule that ambiguities in insurance policies should generally be construed against the insurer, I would hold that the damages sought in the tort suit against Pipher resulted from an “accident” as that term is used in her policy.
Because this is a diversity action, however, we are not free to exercise our independent judgment but must instead predict how the Supreme Court of Pennsylvania would rule. The district court in this case viewed Gene’s Restaurant, Inc. v. Nationwide Ins. Co., 519 Pa. 306, 548 A.2d 246 (1988), as controlling, but I believe that that interpretation is probably erroneous. In Gene’s Restaurant, Patricia Aschenback and her husband sued the restaurant, alleging that a restaurant employee, acting within the scope of his employment, had committed an assault and battery upon her and that the restaurant was liable for her resulting injuries.[1] The restaurant’s *229 insurance policy contained language similar to that in the policy at issue in this case. Holding, in a tersely worded opinion, that the insurer was not obligated to defend the suit against the restaurant, the Supreme Court of Pennsylvania wrote:
The willful and malicious assault alleged in the complaint is not an accident but rather is an intentional tort. As such, it is not covered by the policy and, therefore, the insurer owed no duty to defend.
548 A.2d at 247.
It seems best to interpret the decision in Gene’s Restaurant as taking the view that, according to the allegations in the Aschenbacks’ complaint, the restaurant, acting through its employee, did not accidentally cause Patricia Asehenbaek’s injuries but rather intentionally caused them by committing an assault and battery. Thus, Gene’s Restaurant is not a case in which an insured was sued for damages resulting from a third party’s intentional acts. Instead, Gene’s Restaurant is a case in which an insured was sued for damages resulting from what were, in legal effect, its own intentional acts. Interpreted in this way, Gene’s Restaurant does not decide the question presented in this appeal.
By contrast, the Superior Court’s decision in Britamco Underwriters, Inc. v. Grzeskiewicz, 433 Pa.Super. 55, 639 A,2d 1208 (Pa.Super.Ct.1994), involved a situation materially indistinguishable from the one presented here. Donna Lee Smith sued Dagwood’s Pub and its proprietors, alleging that another pub patron, William Hopania, had “violently attacked Smith with a broken beer bottle, striking her in the face.” 639 A.2d at 1209. “Smith’s complaint also asserted that her injuries were caused by Dagwood’s Pub’s carelessness, recklessness, negligence and/or gross and wanton disregard.” Id. Holding that Smith’s complaint did not seek to recover for an “accident” within the meaning of the pub’s insurance policy, the Superior Court wrote:
Smith avers that “the injuries and damages she sustained ... occurred as [a result of] the intentional, willful and purposeful acts of William Hopania.” Smith does not allege that the incident in question amounted to an “accident,” nor does she claim that her injuries were incurred as a result of any negligence by Hopania. In light of these allegations and the Supreme Court’s decision in Gene’s Restaurant, ... we find that Smith’s claims against Dagwood’s Pub arising out of Hopania’s assault, do not constitute an “occurrence” as defined by the instant policy.
Id. at 1210-11.
If we followed this decision, we would be compelled to affirm here, and in diversity cases we are instructed to heed the decisions of a state’s intermediate appellate court unless we are convinced by “other persuasive data” that the state’s highest court would reach a different result. West v. American Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183-84, 85 L.Ed. 139 (1940).
But although the question is debatable, I conclude in the end that the Supreme Court of Pennsylvania would not follow the Superi- or Court’s holding. For the reasons already explained, I do not think that the state supreme court would view Gene’s Restaurant as dispositive, and I believe that the state supreme court would find the term “accident” as used in the policy to be ambiguous and would thus construe it against the insurer.

. See Genes Restaurant Inc. v. Nationwide Ins. Co., 95 E.D. Appeal Docket 1987, Record at 14a, *229 ¶¶ 3 & 4 (reproducing plaintiffs Complaint in Trespass).