**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,**
Plaintiffs,

v.

**BROWNIE'S PLYMOUTH, INC.,**
et al., Defendants.

No. Civ.A. 97–6826.

United States District Court,
E.D. Pennsylvania.

April 1, 1998.

### ORDER

NEWCOMER, District Judge.

AND NOW, this 31st day of March, 1998, upon consideration of plaintiff's Motion for Judgment on the Pleadings, and defendants' responses thereto, it is hereby ORDERED that said Motion is GRANTED. It is further ORDERED that JUDGMENT is ENTERED in favor of plaintiff and against defendants, declaring that plaintiff is not obli-

gated to defend or indemnify any of the defendants herein in connection with the underlying state court action currently pending in the Philadelphia Court of Common Pleas, civil action number 9705–1486.

This is an action for declaratory judgment in which plaintiff insurer seeks a declaration that it is not obligated under the applicable insurance policy to defend or indemnify the insured, Brownie's Plymouth, Inc., in connection with a personal injury action currently pending in the Philadelphia Court of Common Pleas. In the state court action, Brownie's, the owner of a night club, is being sued by its co-defendants in this case, Albert Wood and Patrick Wood, for an alleged assault and battery that occurred at Brownie's night club in July of 1995. The Woods claim that certain employees of the club mistook them for other patrons who were causing a disturbance and forcefully removed them from the premises, causing them injuries. The Underwriters retained counsel to provide a courtesy defense in the underlying state court action, subject to a full reservation of rights. Pursuant to that reservation of rights, plaintiff insurer now moves this Court for judgment on the pleadings, arguing, *inter alia*, that the insured's claim for coverage is subject to an assault and battery/negligent hiring exclusion.

Federal Rule of Civil Procedure 12(c) allows for a party to move for judgment on the pleadings after the pleadings are closed. A court reviews a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion to dismiss. *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995). Moreover, a motion for judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law. *Burns Int'l Security Servs. v. International Union*, 47 F.3d 14, 16 (2d Cir.1994). In the instant Motion, plaintiff insurer claims that it is entitled to judgment on the pleadings because the pleadings, including the insurance policy and the underlying state court complaint, show that it is not obligated to defend or indemnify the defendants in the underlying state court action.

 Under Pennsylvania law, an insurer's duty to defend its insured is separate and apart from its duty to provide coverage. *Erie Ins. Exchange v. Transamerica Ins. Co.*, 516 Pa. 574, 533 A.2d 1363, 1368 (Pa. 1987). The obligation to defend arises even with regard to suits which have no basis in fact, as long as the complaint filed against the insured may potentially come within the coverage of the insurance policy. *Britamco Underwriters v. Grzeskiewicz*, 433 Pa.Super. 55, 639 A.2d 1208, 1210 (Pa.Super.Ct.1994). Even if only one claim of several would come within the insurer's coverage, the insurer is obligated to undertake the defense of the entire suit. *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 831 n. 1 (3d Cir.1995). Moreover, the insurer's obligation to defend is based solely on the allegations in the underlying complaint, and it is not the actual details of the injury, but the nature of the claims which determines whether the insurer is required to defend. *Aetna Cas. and Sur. Co. v. Roe*, 437 Pa.Super. 414, 650 A.2d 94, 98 (Pa.Super.Ct.1994). The duty to defend is limited to those claims covered by the policy, and an insurer is obligated to defend its insured as long as the factual allegations on the face of the complaint comprehend an injury which is potentially an injury that is covered by the policy. *Id.* at 98–99.

 In order to determine whether a claim may potentially come within the coverage of the policy, a court must first ascertain the scope of the insurance coverage and then analyze the allegations in the complaint. *Britamco Underwriters*, 639 A.2d at 1210. In reviewing an insurance contract, the proper focus with respect to issues of coverage is the reasonable expectation of the insured. *Id.* However, an insured may not complain that its reasonable expectations were frustrated where the policy limitations are clear and unambiguous. *Id.* Where a provision of a policy is ambiguous, it is to be construed against the insurer and in favor of the insured. *Id.*

In the instant case, plaintiff makes three arguments regarding the insurance policy: (1) that the insured's claim falls clearly within the assault and battery/negligent hiring exclusion; (2) that the incident alleged in the state court complaint was not a covered "oc-

currence" in that it was not an accident; and (3) that the claim falls within the "expected and intended" exclusion which precludes coverage for injuries that were "expected or intended" from the perspective of the insured. Defendants, on the other hand, do not contend that these provisions are ambiguous or that their reasonable expectations were frustrated; they instead argue that the state court complaint sets forth claims for negligence and recklessness that are covered by the insurance policy irrespective of the above exclusions.

■ The Assault and Battery/Negligent Hiring Exclusion provision of the insurance policy reads as follows:

> Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:
> (1) Assault and Battery, whether caused by or at the instructions of or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever, and;
> (2) Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery.

(Pl.'s Compl. at Exh. A.) The Court finds this exclusion to be clear and unambiguous. If, therefore, the allegations of the complaint clearly fall within the ambit of this exclusion, then the plaintiff is not under an obligation to defend its insured in the underlying state court action because the insured's claim then cannot potentially come within the coverage of the policy.

The underlying state court complaint sets forth the following factual allegations: On or about July 9, 1995, Albert and Patrick Wood were guests at Brownies Night Club, "when they were caused to be injured due to the careless, reckless and negligent conduct of each of the Defendants ... when Defendants' employees intentionally, wilfully, maliciously, wantonly, carelessly and/or negligently applied physical force to the person of Plaintiffs, ... and Defendants ... acted in such a negligent manner that they failed to remove their employees from their premises and failed to properly aid and protect the Plaintiffs." (Pl.'s Compl. at Exh. B, ¶ 15.) The following paragraph of the complaint goes on to further explain the factual premises for the action: "The Defendants ... caused the Plaintiffs ... to be struck with many violent blows on or about various parts of their bodies, and also with great force and violence, shook and pulled the Plaintiffs, cast and threw them to the ground, and administered repeatedly a great many other blows." (Pl.'s Compl. at Exh. B, ¶ 16.) The complaint then lists some forty-one separate acts or omissions by Brownie's and its employees that are alleged to be careless, negligent, and reckless. All of these acts or omissions allegedly permitted the state court plaintiffs to be harmed.

The Court is amply satisfied that the underlying state court complaint referenced in this action sets forth a claim for the intentional tort of assault and battery. The factual allegations, and not the legal conclusions drawn in the complaint, are controlling. *See Aetna Cas.*, 650 A.2d at 99 (stating that an insurer is obligated to defend if the factual allegations on the face of the complaint comprehend an injury which is potentially an injury covered by the policy). The factual allegations in the defendants' state court complaint can only be construed as asserting claims for assault and battery and negligent supervision. Although the complaint alleges many different negligent acts and omissions on the part of Brownie's, these acts/omissions all fall within the assault and battery/negligent hiring exclusion which explicitly excludes claims arising out of an assault and battery, including, in particular, an assault and battery that was caused by the negligence of the insured. The underlying complaint in this case cannot be construed by this Court in any other way than as stating a claim for assault and battery—a claim which notably includes allegations that the state court defendants caused the state court plaintiffs "to be struck with many violent blows on or about various parts of their bodies, and also with great force and violence, shook and pulled the Plaintiffs, cast and threw them to the ground, and administered repeatedly a great many other blows."

(Pl.'s Compl. at Exh. B, ¶ 16.) Defendants cannot credibly argue that such acts, which form the basis of their claims, do not amount to intentional acts of assault and battery. And in fact, the Pennsylvania Superior Court has explicitly found that "no precedent exists [in Pennsylvania law] for recovery in negligence for injuries suffered as a result of the commission by a tortfeasor of the intentional torts of assault and battery." *Aetna Cas.*, 650 A.2d at 103.

Furthermore, the negligence alleged in the same complaint is the negligence of the insured, Brownie's, in allowing the assault and battery to occur—a claim specifically precluded by the above exclusion. As it is the nature of the claims which determines whether the insurer is required to defend, *see Aetna Cas.*, 650 A.2d at 98, the Court determines that the nature of the claims asserted in the underlying state court complaint fall squarely into the assault and battery/negligent hiring exclusion and that therefore the insurer is not obligated to defend its insured as such claims cannot even potentially come within the scope of the insurance policy. While the Court is not unsympathetic to the insured, the Court notes that the insured agreed to a clear and unambiguous exclusion and chose not to be covered for a risk arising from such incidents. It cannot now attempt to transform an incident into one that is covered by the policy when the facts of the incident fall squarely into an unequivocal exclusion. Accordingly, plaintiff's Motion for Judgment on the Pleadings is granted, and it is hereby declared that the plaintiff insurer is under no obligation to defend or indemnify the insured in the underlying state court action.[1]

AND IT IS SO ORDERED.

---

**1.** As the Court disposes of the instant Motion on the basis of the assault and battery/negligent hiring exclusion, it does not address plaintiff's other arguments.