### Rotary Drilling Equipment Inc. v. Knowles Insurance Associates

C.P. of Lackawanna County, no. 98 CV 344.

*Richard S. Campagna,* for plaintiff.

*Cody H. Brooks* and *John Gerard Devlin,* for defendants.

CORBETT, *J.,* March 17, 2000—Before the court are the motions for summary judgment filed by the plaintiff and the defendant Knowles Insurance Associates. For the following reasons both motions will be granted in this matter.

## BACKGROUND

Plaintiff Rotary Drilling Equipment is in the business of selling heavy equipment, including but not limited to well drilling equipment. The equipment sold by plaintiff Rotary can be quite costly with some pieces having a value of up to $400,000. Plaintiff Rotary's operations at the time at issue in this case was insured under a policy of inland marine insurance also known as equipment dealer's coverage issued by defendant USF&G Insurance Company, now by acquisition St. Paul Fire & Marine Insurance Co.

The policy discloses three areas of coverage. The first covers property on plaintiff's premises in the amount of $1,000,000. The second covers property in transit in the amount of $10,000. Nowhere in the policy is "property in transit" defined. The third area covers property not on plaintiff's premises and not otherwise included in the first two coverages in an amount of $400,000.

The complaint in this matter alleges that Rotary purchased a 1996 Driltech Model T25K4W self-propelled drill press in Florida for the purpose of resale to a purchaser in Maine for the price of $355,000. The Driltech bore its own vehicle identification number, and was li-

censed to travel on the highway. On October 9, 1996, while being driven from Florida to Maine, the Driltech was damaged to the extent that it became a total loss. As a result of the accident, Rotary attempted to collect for the destruction of the Driltech under its policy with USF&G. In February 1997, after concluding that the Driltech was "property in transit," USF&G would only cover Rotary for $10,000.

Rotary brought suit against Knowles and USF&G in June 1998, alleging that USF&G should pay for damage of the Driltech under the $400,000 policy limit for property not located outside the insured's building and not defined as "property in transit." Plaintiff's complaint goes on to allege that USF&G investigated or failed to investigate the nature of plaintiff's business and provided coverage that was inadequate and inappropriate. Plaintiff has also filed against Knowles Insurance Associates alleging that Knowles procured from USF&G a policy of insurance that was inadequate and inappropriate for plaintiff's business.

Both the plaintiff and defendant have filed for summary judgment arguing that no genuine issues exist for trial and that defendant USF&G should be held to pay for the damage to the Driltech up to $400,000. Oral argument was held on March 9, 2000 and the court has reviewed the submissions of the parties; this matter is now ripe for decision.

## DISCUSSION

Whether a particular loss is within the coverage of an insurance policy coverage is a question of law which may be decided on a motion for summary judgment. *Lebanon Coach Co. v. Carolina Casualty Insurance Co.,*

450 Pa. Super. 1, 675 A.2d 279 (1996), *alloc. denied,* 546 Pa. 695, 687 A.2d 378 (1997). It is well established that "the interpretation of an insurance policy when facts are not in dispute is a question of law for the courts." *Contrans Inc. v. Ryder Truck Rental Inc.,* 836 F.2d 163, 166 (3d Cir. 1987). Unless the contract itself is ambiguous, a court should give effect to its plain and ordinary meaning and not consider extrinsic evidence in that determination. *Houghton v. American Guaranty Life Insurance Co.,* 692 F.2d 289, 291 (3d Cir. 1982). However, where language is clear and unambiguous, a court may consider extrinsic evidence only when an exclusion is added after a policy is renewed or paid for, if an insurer misleads the insured regarding the scope of the policy's coverage, or if there is some other reasonable basis for the insured to have formed expectations contrary to the language of the exclusion. *Childrens Aid Society of Montgomery County v. Great American Insurance Co.,* 1995 U.S. Dist. Lexis 5591 (E.D. Pa. 1995).

The appropriate standard of review for granting a motion for summary judgment where the interpretation of an insurance policy is sought is twofold: first, the pleadings and all discovery material must demonstrate that there exists no genuine issue of fact; second, the moving party must be entitled to judgment as a matter of law. *Tenos v. State Farm Insurance Co.,* 716 A.2d 626, 628 (Pa. Super. 1998). Summary judgment is only granted in cases that are clear and free from doubt. *Id.* "Our Supreme Court has indicated that the proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured." *Dibble v. Security of America Life Insurance Co.,* 404 Pa. Super. 205, 210, 590 A.2d 352, 354 (1991). (citations omitted) Ac-

cord *Britamco Underwriters v. Grzeskiewicz,* 433 Pa. Super. 55, 639 A.2d 1208 (1994). "Courts must examine the totality of the insurance transaction involved to ascertain the reasonable expectations of the consumer." *Dibble, supra* at 210, 590 A.2d at 354 (citing *Collister v. Nationwide Life Insurance Co.,* 479 Pa. 579, 388 A.2d 1346 (1978), *cert. denied,* 439 U.S. 1089). (citations omitted) "Courts should be concerned with assuring that the insurance purchasing public's reasonable expectations are fulfilled." *Id.* at 211, 590 A.2d at 354. "However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, . . . an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous." *Britamco, supra,* 433 Pa. Super. at 60, 639 A.2d at 1210.

Therefore, this court will begin by first examining the language at issue in this case. By a plain reading of the contract it is clear that the term "property in transit" is nowhere defined in the insurance policy. In the deposition of Thomas Tryson, an insurance specialist for USF&G, he testified that "property in transit" could be defined to include or exclude several situations. This testimony indicates that "property in transit" is susceptible to more than one meaning and this court as a matter of law finds the term ambiguous. Where ambiguities are found, they must be construed in favor of the insured. *Ryan Homes Inc. v. Home Indemnity Co.,* 436 Pa. Super. 342, 346, 647 A.2d 939, 941 (1994). Ambiguous language in an insurance contract must be construed against the drafter of the policy. *Koppers Co. v. Aetna Casualty and Surety Co.,* 158 F.3d 170 (1998).

In the instant matter, it is clear to this court that the reasonable expectations of the insured was that the equip-

ment would be covered up to $400,000. Mr. Tryson testified that the expectation of the insured was probably that the equipment at issue was covered by the $400,000 policy limit instead of the $10,000 limit. Since the language in the policy is ambiguous, this court will construe it against the insurer and find the Driltech to be property other than "property in transit" or property on the insured's premises. Therefore, there are no genuine issues of material fact left for trial and summary judgment is granted. An appropriate order to follow.

### ORDER

And now March 17, 2000, after consideration of the submissions and oral arguments of the parties, it is hereby ordered and decreed that the motions for summary judgment filed by the plaintiff and defendant Knowles are granted. Finding that the term "property in transit" to be ambiguous, this court holds that the "Driltech" at issue in this case covered under the insurance policy up to $400,000.