J-A29001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PAMELA BUTLER AND MOMAURICE BUTLER, INDIVIDUALLY AND AS WIFE AND HUSBAND, DAVID NASSA, AND STACY RUTKOWSKI | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 807 WDA 2024 |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY | : : : : | |

Appeal from the Order Entered August 13, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-009438

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: January 28, 2025**

Appellants, Pamela Butler, Momaurice Butler, David Nassa, and Stacy Rutkowski, appeal from the declaratory judgment entered August 13, 2024, in favor of Appellees, Nationwide Property & Insurance Company and Nationwide Mutual Insurance Company (collectively, "Nationwide").  We affirm.

The instant case arises out of a motor vehicle accident that occurred on June 19, 2014.  The accident occurred when a vehicle operated by Nassa struck the vehicle operated by Pamela Butler, causing her to sustain injuries. The vehicle operated by Nassa was owned by Rutkowski and insured by

Nationwide. At the time of the accident, Nassa was operating Rutkowski's vehicle with her permission, but without a valid driver's license, as his was suspended. Pamela and Momaurice Butler (the "Butlers") subsequently brought a civil action against Nassa and Rutkowski, alleging negligence against Nassa and negligent entrustment against Rutkowski. Ultimately, a judgment of $104,216.43 was entered against Nassa and Rutkowski in the action brought by the Butlers.

Even though Rutkowski's vehicle was insured by Nationwide, Nationwide refused to participate in the action brought by the Butlers, citing Exclusion 17 in Rutkowski's automobile insurance policy (the "Policy"). The Policy and Exclusion state, in relevant part, as follows:

> Coverage Agreement
>
> Property damage and bodily injury liability coverage
>
> > 1. We will pay for damages for which you are legally liable as a result of an accident arising out of the:
> >
> > > a) ownership;
> > >
> > > b) maintenance or use; or
> > >
> > > c) loading or unloading;
> >
> > of your auto[mobile]. A relative also has this protection. So does any person or organization who is liable for the use of your auto[mobile] with your permission[.]
>
> ***
>
> Coverage exclusions
>
> This coverage does not apply to:
>
> ***

17. Any motor vehicle which any insured:

> a) uses without a reasonable belief of being entitled to do so;

> b) has stolen; or

> c) knows to have been stolen.

>> An insured shall not be held to have a reasonable belief of being entitled to operate a motor vehicle if that person's license has been suspended, revoked, or never issued.

> This exclusion does not apply to the use of your auto by:

> a) you;

> b) a relative; or

> c) a business partner, employee, or agent of you or a relative.

Nationwide Policy at 2-3. Nationwide claimed that, because Nassa operated Rutkowski's vehicle with her permission and without a license, Exclusion 17 of the Policy barred coverage. Based upon the coverage position, Nationwide declined to pay defense and indemnity costs.

On November 13, 2018, Appellants commenced the instant action seeking declaratory judgment against Nationwide, together with indemnification for the aforementioned judgment. On June 3, 2024, after a bench trial, the trial court entered a verdict in favor of Nationwide, finding that Exclusion 17 of the Policy relieved Nationwide of its duty to defend or indemnify Nassa and Rutkowski. Appellants filed a post-trial motion on June

11, 2024, which the trial court denied on June 13, 2024. This timely appeal followed.

Appellants raise the following issue for our consideration.

Whether the [t]rial [court] erred as a matter of law in allowing [Exclusion 17] of the [Policy] to apply to [Stacy] Rutkowski [] and the negligent entrustment claim against her[?]

Appellants' Brief at 7.

On appeal, Appellants contend that the trial court erred in finding that Nationwide did not have a duty to indemnify the "named insured," Rutkowski. Importantly, Appellants do not dispute that Exclusion 17 of the Policy applies to Nassa, as he was operating Rutkowski's vehicle with her permission, but without a valid license. Appellants contend, however, that the "issue comes when Nationwide attempts to expand the exclusion to [] Rutkowski" because, in their view, Exclusion 17 "does not apply to her at all." Appellants' Brief at 13-14. In support of this claim, Appellants cite to other exclusions set forth in the Policy namely, Exclusion 10 and Exclusion 11, and argue that because Exclusion 17 does not contain the term "ownership" it cannot be applied to Rutkowski, "the named insured" under the Policy and "owner" of the subject vehicle. *Id.* at 18.

Initially, we note that the "interpretation of an insurance policy is a question of law that we review *de novo*" and our scope of review is plenary. ***Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co***., 908

A.2d 888, 897 (Pa. 2006). This Court previously summarized the law regarding an insurer's duty to defend and indemnify as follows:

The interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court. Insurance policies are contracts, and the rules of contract interpretation provide that the mutual intention of the parties at the time they formed the contract governs its interpretation. Such intent is to be inferred from the written provisions of the contract. If doubt or ambiguity exists it should be resolved in [the] insured's favor.

An insurer's duty to defend and indemnify the insured may be resolved *via* declaratory judgment actions. In such actions, the allegations raised in the underlying complaint alone fix the insurer's duty to defend. As this Court has summarized: The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage.

Moreover, the insurer agrees to defend the insured against any suit arising under the policy even if such suit is groundless, false, or fraudulent[.]

Pennsylvania recognizes that a duty to defend is broader than the duty to indemnify. Accordingly, even if there are multiple causes of action and one would potentially constitute a claim within the scope of the policy's coverage, the insurer would have a duty to defend until it could confine the claim to a recovery excluded from the policy. The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. … Significantly, [i]t is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend. In making this determination, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured.

*Penn–America Ins. Co. v. Peccadillos, Inc.*, 27 A.3d 259, 264–265 (Pa. Super. 2011) (citations and quotation marks omitted).

- 5 -

In Pennsylvania, the determination of whether the act of a co-insured serves to preclude coverage of an innocent or otherwise uninvolved co-insured depends on the exclusionary language of the subject policy. This Court previously stated:

> If, after an examination of the policy, the court [] cannot determine whether the interests and obligations of the named insureds are joint or several—*e.g.*, the exclusions do not unequivocally exclude coverage for innocent insureds—then the court must interpret the ambiguity in favor of the insureds and find the obligations of the insureds under that particular exclusion to be several or separate. Under these circumstances, therefore, an innocent co-insured would not be precluded from recovering his or her share of the proceeds under the policy.
>
> ***
>
> Conversely, if the language of the policy, particularly the exclusionary clause, clearly indicates that the insureds' obligations are joint, then the prohibited acts of one insured bar all others from recovering.

*McAllister v. Millville Mut. Ins. Co.*, 640 A.2d 1283, 1288-1289 (Pa. Super. 1994). If exclusionary policy language refers to conduct of "an insured" or "any insured," our courts have consistently held that such language clearly and unambiguously indicates that the insureds' obligations are joint, thereby precluding an innocent insured from coverage where the actions or status of a co-insured defeat coverage. *See id.* at 1289 ("The use of the terms 'any' and 'an' in the exclusions clearly indicates that the insureds' obligations under the policy's neglect and intentional provisions are joint, not several. [As such, the] intentional act of [the criminal brother] barr[ed] any recovery by [the

other brothers]."); *compare General Acc. Ins. Co. of America v. Allen*, 708 A.2d 828, 833 (Pa. Super. 1998) (holding that, because "the exclusionary language in the policy is tied to the expectation of 'the insured,'" and because it was not alleged that the appellant "intended the injury to the minor children," the insurance company had a duty to defend the innocent insured).

Herein, Exclusion 17 excludes coverage for "any insured" who uses the subject vehicle "without a reasonable belief of being entitled to do so," *i.e.*, someone who uses the vehicle if "that person's licenses has been suspended." Nationwide Policy at 2-3. In their brief, Appellants admit that Nassa is an insured under the terms of the Policy, as he used the vehicle in question with Rutkowski's permission. Appellants further admit that, as an insured, Exclusion 17 operates to preclude coverage to Nassa. Based upon our case law, since Exclusion 17 operates to bar coverage for Mr. Nassa, as admitted by Appellants, it also operates to bar coverage for Rutkowski. Thus, as a matter of law, Nationwide owed no duty to defend or indemnify Rutkowski and Appellants' claim to the contrary lacks merit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/28/2025